IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICIA D. SPARTO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HEARTS FOR HOSPICE, LLC, a Utah limited liability company; and SHAW PHILLIPS, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEAL COURT RECORDS<br><br>Case No. 2:12-cv-00801-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Shaw Phillips' Motion to Seal Court Records (Docket No. 80). Mr. Phillips argues that, unless the records are sealed, employment and public agencies will have access to the court file, which may impair Mr. Phillips' ability to "obtain upscale employment in the future."[1]

The Court finds that Defendant's Motion is deficient and lacks sufficient basis under DUCivR 5-2. The rule states that "[c]ourt records are presumptively open to the public. Unless restricted by statute or court order, the sealing of civil cases is highly discouraged."[2] "'The party seeking to overcome the presumption' of public access to [court] documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[3] A party moving to seal court records must "identify the statute, rule, case law, or other basis permitting the court to seal

---

[1] Docket No. 80-1 ¶ 5–6.

[2] DUCivR 5-2(a).

[3] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

the case."[4] Mr. Phillips has not identified any authority for sealing the records in this case but instead asserts potential reputational harm, should a future employer see the case file.

Sealing documents and entire cases is discouraged in United States courts because "[i]n the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[5] The potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public.[6] Notwithstanding Plaintiff's non-opposition to the Motion, the Court concludes that Mr. Phillips has not demonstrated a "significant interest" overcoming the presumption of public access.

Accordingly, it is

ORDERED that Defendant's Motion to Seal Court Records (Docket No. 80) is DENIED.

DATED April 25, 2023.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[4] DUCivR 5-2(c)(2).

[5] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon,* 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (citation omitted).

[6] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).